UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA,

    PLAINTIFF,

v.                              CRIMINAL ACTION NO. 2:18-00152

MENIS E. KETCHUM, II,

    DEFENDANT.

---

**DEFENDANT'S SENTENCING MEMORANDUM
WHICH INCLUDES LEGAL AUTHORITY SUPPORTING
DEFENDANT'S SINGLE OBJECTION TO THE PRESENTENCE REPORT
AND DEFENDANT'S REQUEST FOR A VARIANCE**

---

Defendant, Menis E. Ketchum, II, submits this sentencing Memorandum with legal authority supporting his single objection to the presentence report and identifies mitigating factors the Court may consider in determining the appropriate sentence.

**I.**

**DEFENDANT'S LEGAL ARGUMENT SUPPORTING HIS OBJECTION THAT THE TOTAL OFFENSE LEVEL IS INCORRECT**

**THE CORRECT TOTAL OFFENSE LEVEL IS EIGHT RATHER THAN TEN AS CONCLUDED BY THE PRESENTENCE REPORT**

The presentence report arrives at the total offense level of ten by the impermissible double counting of the sentencing guideline's "misrepresentation enhancement" and its "abuse of trust enhancement." The double counting was as follows:

**Misrepresentation Enhancement**

> Paragraph 95 of the presentence report styled, "Specific Offense Characteristics," assigned Menis a +3 enhancement because "the offense involved a <u>misrepresentation</u> that the defendant was acting on behalf of a government agency . . . ." This increase was pursuant to Guideline 2B1.1(6)(9)(A). (Emphasis added).

**Abuse of a Position of Trust Enhancement**

> Paragraph 97 of the presentence report styled, "Adjustment for Role in the Offense," assigned an additional +2 enhancement because "The defendant abused a position of public trust in a manner that significantly facilitated the commission . . . of the offense." This increase was pursuant to Guideline 3B1.3.

Double counting of enhancements is allowed "unless a guideline provision expressly prohibits consideration of a factor previously used in applying another guideline section." <u>U.S. v. Blake</u>, 81 F.3d 498 (4th Cir. 1996). In Menis' case, there is an express prohibition that prohibits double counting of the enhancements in paragraphs 95 and 97 of the presentence report.

The +2 enhancement assigned in paragraph 97 of the report relating to an abuse of a position of trust may not be used as an enhancement if abuse of trust is included in the specific offense characteristic set out in paragraph 95. Guideline 3B1.3 states, "*This adjustment may not be used if an abuse of trust . . . is included in the base offense level <u>or</u> specific offense characteristic*."

Menis was charged and convicted of making misrepresentations related to personal use of a state car and gas card, *i.e.*, misrepresenting that he was acting on behalf of a government agency when driving a state car and using a state fuel card for personal use from August 6 through 9, 2014 on a personal trip to Virginia (See paragraphs 4, 5 and 6 of the Information). In paragraph 95 of the presentence report, Menis received a +3 enhancement for the misrepresentation that he was acting on behalf of a government agency when driving the car for personal use. Then, in paragraph 97, he received an abuse of trust +2 enhancement pursuant to Guideline 3B1.3 based upon the same misrepresentation that he was acting on behalf of a government agency as contained in paragraph 95, *i.e.*, he abused his position of trust when he misrepresented he was using the state car and fuel card on government business. Therefore, Guideline 3B.1.3 expressly prohibits its use since misrepresentation was applied to assign a +3 enhancement in paragraph 95.

We cannot find a published federal appeals court case directly on point. However, we found an unpublished Fourth Circuit case on point. It is U.S. v. Williams, 25 Fed. Appx. 175, 2002 WL 58160 (4th Cir. 2002) (A copy is attached).

Part C of U.S. v. Williams addresses double counting of a +2 misrepresentation enhancement and a +2 abuse of public trust enhancement when the defendant fraudulently misrepresented that he was acting on behalf of a government agency. The misrepresentation was the base level offense or specific offense characteristic under sentencing Guideline 2F1.1(b)(4). The district judge assigned another +2 enhancement pursuant to sentencing Guideline 3B1.3 for "abuse of a position of public trust."

The Fourth Circuit held that this amounted to double counting of enhancements. It stated that under sentencing Guideline 3B1.3, an adjustment for abuse of trust may not be employed if it

is included in the base level offense. The Fourth Circuit's holding was, "Thus, the [district] court necessarily based both the §2F.1(b)(4) 2-level adjustment (misrepresentation) and the §3B1.3 upward 2-level adjustment (abuse of position of trust) on the same abuse of trust, which resulted in impermissible double-counting in the calculation of William's offense level."

We respectfully submit that the +2 enhancement in paragraph 97 be stricken and the total offense level reduced to eight.

**II.**

**THE DIFFERENCE IN DEGREES OF PUNISHMENT
IF THE OFFENSE LEVEL IS LOWERED
FROM LEVEL 10, ZONE B TO LEVEL 8, ZONE A**

**AND**

**THE NOVEMBER 1, 2018 AMENDMENTS TO SENTENCING
GUIDELINE 5C1.1 (IMPOSITION OF A TERM OF IMPRISONMENT)
AND SENTENCING GUIDELINE 5F.2 (HOME DETENTION)**

Offenses falling within Zones A and B of the Sentencing Table are considered lower level offenses. The presentence report assigns Menis a total offense level of ten which places his offense in Zone B. If the Court finds that the presentence report arrived at level ten by using impermissible double counting of level enhancements, then the total offense level will be dropped to eight and place Menis in Zone A.

Although offenses falling in Zones A and B are low level offenses, there are differences in the types or degrees of punishment allowed under Zone A and B offenses. Zone A has a full spectrum of sentencing options, including a fine only or a term of probation only. Zone B does not allow a fine only, and probation must include in place of imprisonment either home

confinement, intermittent confinement or community confinement (halfway house).  *See*, *United States Sentencing Commission's commentary on text of Amendments to the Sentencing Guidelines, effective November 1, 2018, previously attached, and paragraph 138 of the presentence report.*

We respectfully submit that a term of imprisonment should not be imposed if the court finds that Menis' total offense level is ten, which falls within Zone B.  Moreover, we submit that Menis' total offense level should be reduced to level eight, Zone A, and he should be placed on probation only or fined only.  (The fine range is $2,000 minimum and $20,000 maximum.  See paragraph 151 of the presentence report.)

On November 1, 2018, an amendment to sentencing Guideline 5C1.1 (Imposition of a Term of Imprisonment) became effective.  Application Note 4 was added which states when considering Zone A and B offenses, the sentencing judge should consider imposing a sentence other than a sentence of imprisonment.  The full text of new Application Note 4 states:

> If the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, **the court should consider imposing a sentence other than a sentence of imprisonment**, in accordance with subsection (b) or (c)(3). See 28 U.S.C. § 994(j).  For purposes of this application note, a "nonviolent first offender" is a defendant who has no prior convictions or other comparable judicial dispositions of any kind and who did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense of conviction.  The phrase "comparable judicial dispositions of any kind" includes diversionary or deferred dispositions resulting from a finding or admission of guilt or a plea of nolo contendere and juvenile adjudications. (Boldness added).

This new application note is consistent with the statutory language in 28 U.S.C. § 994(i) regarding the "general appropriateness of imposing a sentence other than imprisonment" for "a first offender who has not been convicted of a crime of violence or an otherwise serious offense,

and cites the statutory provision in support. *United States Sentencing Commission's commentary on text of Amendments to the Sentencing Guidelines, effective November 1, 2018* (A copy is attached).

Guideline 5F1.2 (Home Detention) was also amended. It deleted the language from the commentary to Guideline 5F1.2 which had encouraged courts to use electronic monitoring when home detention is made a condition of probation. The revised language allows probation officers to use surveillance methods that they deem appropriate other than electronic monitoring, e.g., telephone contact, video conference, unannounced home visits. *See United States Sentencing Commission's commentary on text of Amendments to the Sentencing Guidelines, effective November 1, 2018, previously attached.*

## III.

### A DOWNWARD VARIANCE OF THE SENTENCING GUIDELINES IS REQUESTED

There are two commonly applied grounds used by sentencing judges to impose a sentence that is lower than the advisory sentencing guideline ranges. It is within the judge's discretion whether to use either method to impose a sentence below the guideline ranges. U.S. v. Pauley, 511 F.3d 468 (4th Cir. 2007); Primer, Departures and Variances, prepared by the Office of General Counsel, United States Sentencing Commission, April 2018.

The first method is called a downward departure. Departures are authorized adjustments within the guidelines, to a sentencing guideline range; such as, the downward departure list in U.S.S.G. §§ 5K2.1 and 5K2.20. The guidelines themselves encourage departures. See, U.S. v. Terry, 142 F.3d 702 (4th Cir. 1998).

In paragraph 156 of the presentence report, the probation officer, Jeffrey Gwinn, stated that he found no guideline factors warranting a departure from the sentencing guidelines. In other words, there is nothing in the sentencing guidelines that would warrant a downward departure. We agree.

The second commonly used method by judges are adjustments outside of the sentencing guidelines called variances. This occurs when a judge considers matters outside the sentencing guidelines and are based on an exercise of the court's discretion under 18 U.S.C. § 3553. In some situations, a prohibited ground for guideline departure may be a valid basis for a variance. U.S. v. Chase, 560 F.3d 828 (8th Cir. 2009); Primer, Departures and Variances, *supra*. In U.S. v. Fumo, 655 F.3d 288 (3rd Cir. 2011), the court noted that a district court has more discretion in imposing a variance and that a sentence resulting from a variance is subject only to a substantive reasonableness review, a lower standard than applied to departures.

Downward variances have been approved by the Fourth Circuit Court of Appeals. In U.S. v. Pauley, 511 F.3d 468 (4th Cir. 2001), there was an appeal from the district court in the Southern District of West Virginia, Charleston Division. The district court granted a substantial downward variance and the U.S. Attorney appealed, contending the district court did not offer compelling reasons to justify the substantial downward variance from the advisory sentencing guidelines. The Fourth Circuit affirmed the downward variance. It found the district court had the discretion to go outside the sentencing guidelines and consider factors within 18 U.S.C. § 3553, that an appeals court must give due deference to the district court's decision, and that the district court's downward variance from the sentencing guideline range was reasonable and premised on the factors listed in 18 U.S.C. § 3553.

The U.S. Attorney in Pauley also argued that the sentence must be vacated because the district court placed excessive weight on a single sentencing factor listed in 18 U.S.C. § 3553(a), *i.e.*, the judge gave too much weight to the history and characteristics of the defendant. The Fourth Circuit did not agree with the U.S. Attorney. It held:

(1) it is quite reasonable for the sentencing court to have attached great weight to a single factor in 18 U.S.C. § 3553(a) and;

(2) an appellate court should not find the sentencing court's reliance on a single factor unreasonable, so long as the court imposes a sentence "sufficient, but not greater than necessary to accomplish the sentencing goals advanced in § 3553. (*Citing* Gall v. U.S., 552 U.S. 38 (2007) and Kimbrough v. U.S., 552 U.S. 85 (2007).

It is important that the court in Pauley allowed the heavy reliance on a single factor because most of the factors in § 3553(a) do not relate to a defendant's personal conduct or characteristics. In support of our request for a downward variance, we rely heavily on one factor in § 3553(a), "the nature and circumstances of the offense and the history and characteristics of the defendant."

Pauley determined that personal characteristics like those of Menis, that were relied upon by the district court, were very important in granting a downward variance. The Fourth Circuit found:

> In its consideration of the § 3553(a) factors, the district court correctly found in the exercise of its discretion that other facts warranted a sentence lower than that recommended by the Guidelines range. The district court found that Pauley <u>warranted a lower sentence because he was deeply remorseful and besides the criminal conduct at issue, he was a good father and teacher</u>. Such considerations were appropriate because they are directly tied to § 3553(a)(1)'s directive that the court consider the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). <u>The district court also found that Pauley warranted a lower sentence because he lost his teaching certificate and his state pension as a result of his conduct</u>. Consideration of these facts is consistent with § 3553(a)'s directive that the sentence reflect the need for "just punishment," id.

§ 3553(a)(2)(A), and "adequate deterrence." id § 3553(a)(2)(B). The district court further explained that a lower sentence would allow Pauley to be rehabilitated through the counseling he will receive during incarceration, and the court noted that a lifetime of supervised release would reduce the risk of Pauley becoming a repeat offender and would deter him from future criminal conduct. These are also valid considerations under § 3553(a). In sum, considering all of the factors that the district court viewed as mitigating in their totality, we hold that the thirty-six month downward variance was supported by the justifications necessary to uphold the sentence. (Emphasis added).

The relevant history and characteristics of Menis are set out in the presentence report and its attachments. They are:

1. He turned 76 years old on January 31, 2019;

2. He has no criminal history;

3. As a result of his conviction, he has lost his job, lost his state pension, lost his law license and lost his good reputation;

4. He has expressed sincere remorse which is acknowledged in the presentence report;

5. He was very active in community activities and professional service. Paragraph 132 of the presentence report contains a long list of these activities. They are:

    (a) From 2011 until the present: Reporter of West Virginia's Pattern Jury Instructions in civil cases;

    (b) From 1970 to present: Presented numerous publications and gave numerous seminars to West Virginia lawyers and judges;

    (c) From 2010 to 2013: Provided guest lectures in Professor Starcher's class on trial advocacy at the West Virginia University Law School;

    (d) From 2002 until 2009: Served on Board of Governors of Marshall University;

9

(e) From 2003 until December 2007: Chairman and Vice Chairman of the Marshall University Board of Governors;

(f) From 1994 until 2009: Board of Directors of the Cabell and Wayne County Public Defender Agency for the Sixth and Twenty-Fourth Judicial Circuits;

(g) Unsure of dates through 2006: Taught criminal justice at Marshall University, pro bono;

(h) From 1994 until 1995: Served on Governor's Mine Safety Task Force;

(i) During 1990's: Member of the visiting committee at the West Virginia University Law School;

(j) For four years during the 1980's: Served on Board of Directors of the Huntington Urban Renewal; and

(k) Periodically (dates unknown): Volunteered at the Legal Aid office in Huntington, West Virginia.

6. Prior to his knowledge of the federal investigation, he requested that the Supreme Court issue him amended W-2s regarding the use of the state car and paid the income taxes. After receiving the amended W-2s, he discovered that the state failed to include Two Thousand Four Hundred Seventy-Six Dollars Eighty-Two Cents ($2,476.82) in the amended W-2s, and Menis added that amount to his amended tax returns;

7. He began reimbursing the state for his personal use of the state car before he discovered on February 16, 2017 that there was a federal investigation. He has totally reimbursed the state for the personal use of the car, except for Seven Hundred Forty-Nine Dollars Seventy-Seven Cents ($749.77) that was discovered after he learned of the federal investigation. He did not reimburse this amount on the advice of his lawyer who was having talks with Anna Forbes, Assistant United States Attorney.

We respectfully submit that if the Court determines Menis' total offense level should not be reduced from level ten to level eight because of impermissible double counting that the Court

grant a downward variance, reducing Menis' total offense level to eight. This would place Menis in Zone A of the Guideline's Sentencing Table.

## **CONCLUSION**

It is respectfully submitted that Menis' total offense level should be reduced to level eight in Zone A and that his sentence should be a fine only or probation only, which would be consistent with § 3553(a)'s directive that the sentence reflect the need for "just punishment" and "adequate deterrence." See, U.S. v. Pauley, supra.

Respectfully submitted,

/s/James M. Cagle
James M. Cagle (WV Bar No. 580)
1200 Boulevard Tower
1018 Kanawha Boulevard, East
Charleston, West Virginia  25301
Phone:  (304) 342-3174
Fax:     (304) 342-0048
Email:  caglelaw@aol.com

*Counsel for Menis E. Ketchum, II*

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing document, "**DEFENDANT'S SENTENCING MEMORANDUM WHICH INCLUDES LEGAL AUTHORITY SUPPORTING DEFENDANT'S SINGLE OBJECTION TO THE PRESENTENCE REPORT AND DEFENDANT'S REQUEST FOR A VARIANCE**," has been electronically filed and service has been made by virtue of such electronic filing on the following counsel of record this 4th day of February, 2019:

>Philip Wright
>Assistant U.S. Attorney
>300 Virginia Street, East
>Charleston, WV 25301

>/s/James M. Cagle
>James M. Cagle (WV Bar No. 580)
>*Counsel for Menis E. Ketchum, II*