### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON

**UNITED STATES OF AMERICA**

**v.**

**CRIMINAL NO. 2:18-cr-00152**

**MENIS E. KETCHUM, II**

### SENTENCING MEMORANDUM OF THE UNITED STATES

#### Background

Defendant Menis E. Ketchum, II, stands convicted of wire fraud, in violation of 18 U.S.C. § 1343, stemming from his using a state-owned vehicle and a state fuel card for his personal use and benefit on or about August 6 - 9, 2014.  The actual wire communication occurred on August 9, 2014, consisting of the transmission of data from a gas station in Princeton, Mercer County, West Virginia, to Aurora, Colorado, for a fuel purchase. Defendant Ketchum pled guilty on August 23, 2018, under a plea agreement with the United States. Per the plea agreement, defendant Ketchum agrees to pay restitution to the State of West Virginia in an amount between $400 and $700. *See* Plea Agreement, ECF No. 7, ¶ 6.

The Probation Office calculated the adjusted offense level as including a base offense level of  seven, with no increase resulting from the amount of loss but with an additional three-levels under USSG 2B1.1(b)(9)(A) and a two-level adjustment for abuse of position of trust under USSG §3B1.3, resulting in an adjusted offense level of 12. With a two-level decrease for acceptance of responsibility, the total offense level is ten. PSR ¶102. Ketchum has no criminal history, so his Criminal History Category is I. PSR ¶110. Based on these calculations, the advisory imprisonment range is 6 -12 months, *see* USSG Chapter 5, Part A – Sentencing Table (Zone B), and the fine range is $2,000 to $20,000. USSG §5E1.2 (Fines for Individual Defendants); *see also* USSG

§5E1.2(h)(1) (referring back to Guidelines in effect on November 1, 2014, for offenses committed before November 1, 2015).

Ketchum objects to the two-level adjustment for abuse of trust under USSG §3B1.3, arguing that including that enhancement along with the three-level enhancement under USSG §2B1.1(b)(9)(A), constitutes impermissible double counting.

## Discussion

### A. The Court Should Overrule Ketchum's Objection to the Guidelines.

Ketchum argues that the upward adjustment in USSG §3B1.3 does not apply, because of certain language in the section: "This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic."  In support of his argument, he also cites an unpublished opinion issued by the Fourth Circuit in 2002, *United States v. Williams*, 25 Fed. App'x 175, 2002 WL 58160 (4th Cir. Jan. 16, 2002). In *Williams,* the defendant pled guilty to violating 18 U.S.C. § 912 for impersonating a United States Marshal. Williams told a woman he could obtain a Government-seized Lexus automobile for her, in exchange for $700. He also showed her a badge and claimed he was a U.S. Marshal. The woman paid Williams the $700, but Williams never delivered on the car. The district court assessed Williams an enhancement for misrepresenting that he was acting on behalf of a Government agency when he accepted the $700 from the woman. The district court also assessed the upward adjustment for abuse of trust. On appeal, the Fourth Circuit explained that Williams held no position of trust beyond his claiming to be a U.S. Marshal. The offense conduct of impersonating a U.S. Marshal thus necessarily included all of the conduct necessary for the finding of abuse of trust. *Williams*, 175 Fed. App'x at 180.

*Williams* does not stand for the proposition that the abuse of trust adjustment under USSG §3B1.3 can *never* be applied when the enhancement under USSG §2B1.1(b)(9)(A) is applied. Indeed, in *United States v. Marcum*, 16 F.3d 599 (4th Cir. 1994) – a published opinion – the Fourth Circuit applied both. Marcum was a corporal in the Logan County, West Virginia, Sheriff's Department and a president of a charitable organization known as the Logan County Deputy Sheriff's Association. *Id.* at 601. Marcum skimmed proceeds from public bingo games for the personal enrichment of himself and others. *Id.* The court affirmed a two-level increase under §2F1.1(b)(3), because Marcum had misrepresented to the public that he was conducting bingo games wholly on behalf of the Deputy Sheriff's Association when, in fact, he was acting in part for himself and his fellow officers. *Id.* at 603.

The Fourth Circuit also upheld the application of an adjustment for abuse of trust. Marcum had abused his status as president of the Sheriff's Association. That position of trust provided him the opportunity to commit his crime in the first instance. *Marcum*, 16 F.3d at 603-04. As a result, not only was Marcum properly assessed with the two-level increase for misrepresenting that he acted wholly on behalf of the Sheriff's Association, Marcum properly received an adjustment for abuse of trust. *Id.*

Other Circuits have also approved applying both enhancements simultaneously. For example, in *United States v. Smith*, 516 F.3d 473 (6th Cir. 2008), the Court held that the two enhancements may be applied in the same case where they "'penalize distinct aspects of . . . conduct' and distinct harms." *Id.* at 476 (citation omitted). Smith had misled donors into believing their contributions would go to charitable purposes for the chapter of the American Red Cross for which Smith served as executive director, rather than her own purposes. The misrepresentation enhancement was therefore appropriate. Smith, however, also exploited her position as executive

director, thus supporting the abuse of trust enhancement. *Id.* The court reasoned, "Applying the abuse-of-trust enhancement to an embezzling bank executive . . . permissibly accounts for the greater culpability of a bank executive than, say, an ordinary bank teller." *Id.* And in Smith's case, the two enhancements "captured the difference in culpability between a fraud committed by an ordinary Red Cross volunteer and one committed by Smith, who not only misled the public by soliciting donations to line her own purse but also took advantage of her position as head of the Red Cross chapter to further the fraud and postpone its discovery." *Id.* at 477.[1]

The United States maintains that defendant Ketchum deserves both enhancements, but acknowledges that the Court has ruled against the government on this argument in *United States v. Loughry*, 2:18-cr-00134. The Court held under the commentary to USSG §2B1.1(b)(9)(A), the upward adjustment in USSG §3B1.3 did not apply to defendant Loughry.

To preserve the government's position in this case, the United States notes that defendant Ketchum's crime – using a State-owned vehicle and its fuel card for his personal gain and benefit, under the false pretense that he was acting for official purposes – is the type of crime that any government employee might conceivably commit. Defendant Ketchum's abuse of his position as a Justice is a separate consideration. As a Justice of the Supreme Court, there were no employees higher than he was in the organization. He possessed nearly limitless discretion in carrying out his duties and answered to no single individual. He was given a Supreme Court vehicle for commuting purposes because of his position as a Justice. His autonomy and discretion allowed him to go for years before the crime was uncovered. As the court in *Smith* noted, "In the final analysis it is not

---

[1] Other Circuit Court cases in which the court held that applying the enhancements under both USSG §2B1.1(b)(9)(A) and §3B1.3 was not necessarily impermissible double counting include: *United States v. Thornton*, 511 F.3d 1221, 1227-28 (9th Cir. 2008); *United States v. Walker*, 490 F.3d 1282, 1300-01 (11th Cir. 2007); and *United States v. Arnaout*, 431 F.3d 994, 1000 (7th Cir. 2005).

double counting, but single counting, to punish a defendant twice for distinct aggravating qualities of [the] offense." *Smith*, 516 F.3d at 477. And as in *Smith,* defendant Ketchum's offense had two distinct aggravating factors – his acting under a false pretense for personal gain, and his taking advantage of his position as a Justice "to further the fraud and postpone its discovery." *Id.*

**B. The Factors in 18 U.S.C. § 3553(a) – The Offense, the Defendant, and the Need to Provide Just Punishment, Promote Respect for the Law, Deter Criminal Conduct, and Protect the Public.**

Defendant Ketchum has accepted responsibility for his actions. He has demonstrated remorse, and has not displayed a continued arrogance or willingness to abuse authority. He is in his seventies and is not a violent person. He does not represent a danger to the community or a threat to repeat his fraudulent conduct. He appears to have learned a harsh lesson.

Defendant Ketchum, however, stands convicted of a serious crime, notwithstanding the small dollar amount involved in the offense. The offense is significant because of defendant Ketchum's position as a sitting Justice on the highest court in the State of West Virginia. It was his duty to apply and follow the law. The fraudulent conduct thus represents a betrayal of the trust placed in him by the public when it elected him to serve as a Justice, and the relatively small amount of loss to the State provides no excuse.

In a case such as this, general deterrence is the most important factor in determining an appropriate sentence. Fraud crimes committed by public officials, particularly by those in high office, are very difficult to identify, investigate, and prosecute. These types of crimes, even for relatively minor gains, impose a tremendous social cost when finally exposed, for they weaken the public's trust and confidence in government and breed a cynicism and distrust of government that is not conducive to a healthy society. Judges in particular must obey the law, because they oversee the judicial system.

**C. Restitution.**

Defendant Ketchum has substantial assets, and he should have no difficult paying the agreed-upon restitution amount. That amount, according to his plea agreement, is between $400 and $700 dollars. The United States Probation Office has determined that the amount owed actually is $749.77. Accordingly, the Court should order restitution at the top of the range agreed to by defendant Ketchum - $700, owed to the State of West Virginia.

<u>Conclusion</u>

Corruption is a cancer that erodes the public's confidence in the government and undermines the rule of law. As the Supreme Court noted long ago, "a democracy is effective only if the people have faith in those who govern, and that faith is bound to be shattered when high officials and their appointees engage in activities which arouse suspicions of malfeasance and corruption." *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 562 (1961). There thus is a paramount interest in preserving the integrity of the judicial system and holding judges accountable for their misdeeds. In light of defendant Ketchum's misconduct as well as his personal characteristics, a sentence in accordance with the Sentencing Guidelines, including a fine, would would be appropriate. Such a sentence would be sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By:

s/Philip H. Wright
PHILIP H. WRIGHT
Assistant United States Attorney
WV State Bar No. 7106
300 Virginia Street, East
Charleston, WV  25301
Telephone:  304-345-2200
E-mail:  philip.wright@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the foregoing "SENTENCING MEMORANDUM OF

THE UNITED STATES" has been electronically filed and service has been made on opposing

counsel by virtue of such electronic filing on this 13th day of February, 2019, to:


James Cagle, Esquire
1200 Boulevard Tower
1018 Kanawha Boulevard East
Charleston, West Virginia 25301
caglelaw@aol.com




s/Philip H. Wright
PHILIP H. WRIGHT
Assistant United States Attorney
WV State Bar No. 7106
300 Virginia Street, East
Charleston, WV  25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail:  philip.wright@usdoj.gov